BENJAMIN F. COOPER v. ISAAC J. ULMANN et al.

The assignment of a debt secured by a mortgage, carries with it the mortgage, as an incident to the debt, although there is no mention made of the mortgage in the assignment. So, the assignment of a part of a debt, or of one of several notes secured by a mortgage, carries with it a proportional interest in the mortgage, unless it is agreed between the parties, at the time, that no interest in the mortgage is to pass to the assignee.

Where there are several notes falling due at different times, the fact that one note becomes due first, will not, of itself, give it a preference over the rest, where the mortgaged premises are insufficient to pay the whole.

The assignor may, if he see fit, give the assignee a priority of payment; but the law gives no such priority, where there is no understanding or agreement between the parties to that effect.

BILL to foreclose a mortgage.

On the first of October, 1836, Ulmann conveyed the mortgaged premises to Harvey Hunt and James M. Hunt, for $5,500. Two hundred dollars were paid down, and a mortgage and six promissory notes were given for the balance ;—one note for $300 and interest, payable January 1st, 1837, and the others for $1,000 each, payable, with interest, in one, two, three, four, and five years. The first two notes had been paid. The others remained unpaid, except $162 endorsed on the third note, previous to the assignment of it by Ulmann to complainant, by the following instrument:

"I hereby assign to Benjamin F. Cooper the note of Harvey and James M. Hunt, becoming due on the first day of January, 1839, for $1,000, in payment of the debt due from me to Benjamin F. Cooper, as surviving partner of Zebulon H. Cooper, deceased, due to him by virtue of a judgment and decree in the Supreme Court and Court of

Chancery, in the first circuit, of the state of New York. The said Ulmann, in consideration of the premises, hereby agrees with, and declares to, the said Cooper, that if the mortgaged property referred to in the said note be encumbered by any encumbrance prior to the said mortgage, then that the said Ulmann will continue liable to the said Cooper, to the amount of the judgment and decree, as if this agreement had not been executed.

" *Benjamin F. Cooper,*

" *Isaac J. Ulmann.*

"July 9th, 1839."

Harvey Hunt was dead when the note was assigned ; and, James M. Hunt failing to pay it, a suit was brought upon it in the Circuit Court of the United States, and a judgment recovered against him, by complainant, in June, 1840, for $1,141, on which an execution was subsequently taken out, and returned unsatisfied. The three notes payable after the one assigned to complainant, still belonged to Ulmann, and the mortgaged property was not sufficient to pay both Ulmann and complainant.

*E. C. Seaman,* for complainant.

The assignment of the note to Cooper, carried with it so much of the mortgage as was necessary to pay it. The mortgage is an incident to the debt, which it was given to secure; and the assignment of the debt carries with it the mortgage. The notes must be paid out of the proceeds of the mortgaged premises, in the order they became due. *Mechanics' Bank* v. *Bank of Niagara,* 9 *Wend. R.* 410; 1 *Hopk. R.* 569.

*H. H. Emmons,* for defendant Ulmann.

The mortgaged premises being insufficient to pay all of the notes, they must be paid *pro rata.* Priority in time of

payment does not give priority of right.  *Donley* v. *Hays*, 17 *Serg.* & *Rawle R.* 400.  The complainant might have collected his debt on his execution, and, having failed to do so, he has lost his lien on the property, as against Ulmann.

THE CHANCELLOR.  The assignment of a debt, secured by a mortgage, carries with it the mortgage as an incident to the debt, although there is no mention made of the mortgage in the assignment.  So, the assignment of a part of a debt, or of one of several notes secured by a mortgage, carries with it a proportional interest in the mortgage, unless it is agreed between the parties, at the time, that no interest in the mortgage is to pass to the assignee.  *Green* v. *Hart*, 1 *J. R.* 580; *Pattison* v. *Hull*, 9 *Cow. R.* 747.

The only question in the present case arises out of the inadequacy of the mortgaged premises for the payment of both complainant and Ulmann.  Shall they be paid *pro rata*, or shall a preference be given to complainant's debt, and he be paid first, leaving the balance to be applied on what is due to Ulmann?  The mere fact that complainant's note was the first to become due, will not, of itself, give it a preference over the other notes.  It was so decided, and I think correctly, in *Donley* v. *Hays*, 17 *Serg.* & *Rawle R.* 400.  In that case a mortgage, and seven accompanying bonds, payable at different periods, had been given to secure a debt of $5,036, and the mortgagee had assigned four of the bonds to different individuals, retaining three himself.  The mortgaged premises were sold for $2,000, and the question was, whether the several bonds should be paid in the order in which they became due, or *pro rata*.  The Court decided they should be paid *pro rata*.  There was no guarantee, no promise or representation of priority of payment in the case.  There is no conflict be-

tween this case and *The Mechanics' Bank* v. *Bank of Ni-
agara*, 9 *Wend. R.* 410. On the contrary, this last case,
so far as any inference can be drawn from it, would seem
to be a confirmation of the principle decided in *Donley* v.
*Hays*. The case was this: $1,933, part of a bond and
mortgage for $2,250, was assigned to pay a debt; and the
mortgaged premises being afterwards sold, brought $1,-
350, only. The question was, whether the $1,350 be-
longed to the assignee, or must be divided, *pro rata*, be-
tween him and the mortgagee. The Superior Court of the
city of New York decided in favor of a *pro rata* distribu-
tion of the money; but the judgment was afterwards re-
versed by the Supreme Court, on a writ of error. The
reversal, however, was not upon the ground that an assign-
ment of a part of a debt, secured by a mortgage, gives to
the assignee a right to exhaust the mortgage security to
satisfy his part of the debt; but that, from the very terms
of the assignment itself, in that particular case, it appear-
ed such must have been the intention of the parties, at the
time of making the assignment. The assignor may, if he
see fit, give the assignee a priority of payment; but the
law gives no such priority, where there is no understand-
ing or agreement between the parties, to that effect. The
note, on its face, refers to the mortgage, and is payable to
Ulmann or bearer. By the written assignment, it was to
be received, not as security, but in payment of the debt
due from Ulmann to complainant, as surviving partner of
Zebulon H. Cooper, deceased; and Ulmann agreed his
liability to pay the debt should continue, if there was any
prior encumbrance of the mortgaged premises. It is evi-
dent, from the assignment, the note was to be taken as
absolute payment of the debt, unless it should turn out
there was a prior encumbrance; but it is not so clear that
its payment was to be preferred to the other notes, in case

it should be found necessary to resort to the mortgaged premisès for their payment. The testimony of Hunt, however, who was present at the time, removes all difficulty on this point. He says he understood from both parties, that the mortgage, or so much of it as was necessary to secure to complainant the payment of his note, was assigned. He also says Ulmann afterwards told him complainant had a lien on the mortgaged premises, to the amount of the note.

There must be a reference to a Master to compute the amount due complainant, for principal and interest, on the note held by him; and, on the coming in of the Master's report, a decree must be entered, giving complainant a priority of payment out of the mortgaged premises.